# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:21-CV-926 NCC |
| ) | |
| RICHARD ADAMS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner's responses to this Court's order to show cause as to why this action should not be dismissed for failure to timely exhaust state remedies. ECF Nos. 7, 8, 9. Having reviewed the petitioner's responses, and for the reasons discussed below, the Court will deny and dismiss the instant petition for writ of habeas corpus.

### Background

Petitioner is a self-represented litigant who is currently being held at the Missouri Eastern Correctional Center. On July 26, 2021, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner argues four grounds for relief: (1) failure to be notified that he was to be charged as a prior and persistent offender; (2) "video and audio messed up" during probation revocation hearing; (3) "due process was violated due to Covid-19 and video and audio;" and (4) ineffective assistance of counsel at sentencing hearing.[1]

Petitioner indicated he was convicted in the "Jefferson County Courts, Hillsboro" and cited to case number 18JE-CR03639. Review of the records from Case.net, Missouri's online case

---

[1] The Court notes that petitioner previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentencing. *See Engel v. Payne*, Case No. 4:20-CV-1211-DDN (E.D. Mo.). On December 14, 2020, the action was dismissed without prejudice for petitioner's failure to respond to the Court's Order to Show Cause as to why his petition should not be dismissed for failure to exhaust available state remedies.

management system,[2] reflects that petitioner pled guilty on July 19, 2019 to Burglary in the second degree in violation of Mo. Rev. Stat. § 569.170 (Count I); Property Damage in the first degree in violation of Mo. Rev. Stat. § 569.100 (Count II); two counts of Tampering in the first degree in violation of Mo. Rev. Stat. § 569.080 (Counts III and VII); Resisting Arrest in violation of Mo. Rev. Stat. § 575.150 (Count IV); Burglary in the second degree (Count V); and Property Damage in the first degree in violation of Mo. Rev. Stat. § 569.100 (Count VI). *See State v. Engel*, 18JE-CR03639-01.

On November 1, 2019, the Circuit Court of Jefferson County, 23rd Judicial Circuit, sentenced petitioner to concurrent terms of ten years' imprisonment on Counts I, III, V, and VII, and seven years' imprisonment on Counts II, IV, and VI in the Missouri Department of Corrections. The court suspended execution of the sentences and placed petitioner on probation, which was subsequently revoked on August 6, 2020 due to a probation violation. *Id.* The circuit court ordered the execution of the previously-imposed sentences. *Id.*

Petitioner appeared to indicate in his form petition for habeas corpus relief that he did not seek direct appeal of his conviction or probation revocation, but did file a motion to vacate, set aside or correct judgment:

> 9. If you did appeal, answer the following:
>      (a) Name of court: Jefferson County Courts Missouri
>      (b) Docket or case number (if you know): 21JE-CC00031
>      (c) Result: waited to[o] long they said
>      (d) Date of result (if you know): not sure
>      (e) Citation to the case (if you know): Form 40
>      (f) Grounds raised: Due Process, Inef[fec]tive of Counsel, Covid, Judge Being Unprof[]es[sio]nal and Court Room
>      (g) Did you seek further review by a higher state court? Yes ___ No ✓

ECF No. 1 at 2.

---

[2] *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records").

2

Records from Case.net reflect that petitioner filed a motion to vacate, set aside or correct judgment and sentence on December 28, 2020. In response, the State of Missouri filed a motion to dismiss arguing his motion to vacate was untimely pursuant to Missouri Court Rule 24.035 because it was filed more than 180 days after the date his sentence was entered. *See Engel v. State*, Case No. 21JE-CC00031. The motion appeared to be pending at the time the Court performed its initial review of the instant petition.

On July 30, 2021, this Court directed petitioner to show cause as to why this action should not be dismissed for his failure to exhaust administrative remedies. ECF No. 6. The Court explained that it could find no evidence that petitioner timely raised the arguments which he brings here before a Missouri state court. Specifically, petitioner did not appear to have timely appealed his conviction or probation revocation using the proper state court remedies.

**Petitioner's Show Cause Responses**

On August 12, 2021, petitioner filed a response, titled "Motion to Show Cause that I have exhausted all claims in State Court." ECF No. 7. Petitioner does not address any of the exhaustion issues discussed in the Court's show cause order. Instead, he merely states that he consulted with his public defender who informed him that his state remedies were exhausted. Attached to his response is the circuit court's Memorandum addressing the State of Missouri's motion to dismiss in *State v. Engel*, 21JE-CC00031. The Memorandum states in its entirety:

State's Motion to Dismiss called and heard.

State's Motion is granted due to untimely filing of *pro se* motion.

Motion granted over Movant's objection.

ECF No. 7 at 6.

On September 3, 2021, petitioner filed two additional one-page handwritten documents, titled "Petitioner Showing Cause" and "Motion for Case to be Open." ECF Nos. 8, 9. The filings

3

are difficult to decipher, but he appears to complain that his Miranda rights have not been read to him, his lawyers have been ineffective, he should not have been sentenced as a prior and persistent offender, he was a victim of identity theft, his criminal sentence was incorrect, he should be released from incarceration because he has children, and he is being denied medical treatment. Neither of these filings address any of the exhaustion issues discussed in the Court's show cause order.

Petitioner also filed a separate one-page letter to the Court requesting copies of "all [his] IRRs or Grievances" for "any and all civil cases, [he has filed] that have to do with any MODOC or County suits." ECF No. 10. This letter appears to be unrelated to his instant petition for habeas corpus.[3]

## Discussion

According to the state court documents available on Case.net and the circuit court's Memorandum attached to petitioner's response to this Court's show cause order, it is evident petitioner has failed to timely challenge the validity of his conviction and sentence pursuant to Missouri Supreme Court Rule 24.035, or his probation revocation.

Rule 24.035(a) provides, in relevant part:

A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated.

Mo. Sup.Ct. R. 24.035(a).

---

[3] The Court notes that since September 2020, petitioner has filed over one-hundred-fifty (150) lawsuits in this Court, which is an abuse of the judicial process. As of this date, most of his lawsuits have been dismissed as frivolous, malicious and/or for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

4

Petitioner did not file a direct appeal challenging the validity of his conviction and sentence. "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995). Petitioner defaulted his claims by failing "to present them to the Missouri courts at any stage of his direct appeal or his post-conviction proceedings." *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir.1997). Although petitioner filed a motion to vacate, the circuit court determined it was untimely. The "failure to file a timely Rule 24.035 postconviction motion constitutes" a procedural default. *Weeks v. Bowersox*, 119 F.3d 1342, 1350 (8th Cir. 1997). Additionally, petitioner has provided no evidence that he has challenged his probation revocation in state court.

A petitioner under § 2254 may avoid procedural default only by showing there was cause for the default and resulting prejudice, or a miscarriage of justice will result from enforcing the procedural default in the petitioner's case. *See Wainwright v. Sykes*, 433 U.S. 72, 87, 90-91 (1977). In order to establish cause, the petitioner must show "some objective factor external to the defense" prevented his compliance with a state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner has failed to show cause for the default and resulting prejudice, or a miscarriage of justice. To establish a fundamental miscarriage of justice, petitioner must show he is actually innocent, which he has not done. *Storey v. Roper*, 603 F.3d 507, 523 (8th Cir. 2010). The Court will dismiss the instant petition as procedurally defaulted. Petitioner has failed to establish cause for his failure to timely raise his claims before the state courts. His statement that he properly exhausted his claims in state court is contradicted by the state court's records.

5

Accordingly,

**IT IS HEREBY ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED** and **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 6th day of October, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE